UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTINA D. RODRIQUEZ | ) |
| | ) Cause No.: 1:20-cv-3155 |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| LOWE'S HOME CENTERS, LLC | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action brought by Plaintiff, Christina D. Rodriquez, by counsel, Kenyatta P. Cox for her Complaint against Defendant, Lowe's Home Centers, LLC, alleges as follows:

**I. NATURE OF ACTION**

1. This case arises out of Lowe's unlawful discharge of Plaintiff, Christina D. Rodriquez, (Mrs. Rodriquez) who served as the Delivery Coordinator at Defendant, Lowe's Home Centers, LLC ("Defendant) until September 20, 2019. Mrs. Rodriquez was terminated because of her relationship with an African-American man. Mrs. Rodriquez is white and is in an interracial marriage. Defendant's actions violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, as amended.

**II. PARTIES**

2. Mrs. Rodriquez is a resident of Wayne County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

1

3. Upon information and belief, Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana. Defendant store is located at 510 W. Eaton Pike, Richmond, IN 47374 in Wayne County.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 42 U.S.C. §2000e-5 and 29 U.S.C. § 216(b).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and 29 U.S.C. § 203(d).

6. Plaintiff was an "employee" as that term is defined by 42 U.S.C. §2000e(f) and 29 U.S.C. § 203(e)(1).

7. Plaintiff satisfied her obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (³EEOC´) against Defendant alleging discrimination based on race and retaliation. Plaintiff received her Notice of Suit Rights and timely files this action.

8. The events, transactions, and occurrences concerning this case arose in the geographical boundaries of the Southern District of Indiana; thus, venue is proper in this court.

### IV. FACTUAL ALLEGATIONS

9. Mrs. Rodriquez was hired March 20, 2015.

10. Mrs. Rodriquez worked in four (4) positions at the Defendant's store. Then, she became the Delivery Coordinator in March of 2018.

11. Brian Sams ("Sams") was Defendant's Store Manager in March of 2018. The prevailing practice with Store Managers, such as Sams, was to maintain a strategic view of store talent

needs. As a result, Sams was actively developing and training Mrs. Rodriquez for a management position.

12. Sometime between March 2018 and September 2018, Sams was no longer employed as Defendant's Store Manager in Richmond, Indiana.

13. At no time during Mrs. Rodriquez's employment, prior to Sams' separation, did anyone from management question Mrs. Rodriquez's job performance, ability, or commitment.

14. In September 2018, Greg Evans ("Evans") became the new Store Manager.

15. Initially, Evans was friendly and communicated with Mrs. Rodriquez on a regular basis. Then, Evans met Mrs. Rodriquez's African-American husband.

16. Evans began acting cold toward Mrs. Rodriquez after meeting her husband.

17. Evans refused to make eye contact with Mrs. Rodriquez or be near her after meeting her husband.

18. Evans avoided walking down the same store aisle as Mrs. Rodriquez after meeting her husband.

19. Evans instructed Mrs. Rodriquez to direct all of her future concerns to Assistant Store Manager, Robert Jones ("Jones") after meeting her husband.

20. Evans continued to allow other white, racially non-associated employees to bring concerns to him, directly.

21. Mrs. Rodriquez spoke to others in management about Evans coldness towards her, and his leadership causing poor store conditions that were impacting her ability to do her job.

22. In addition, Mrs. Rodriquez interviewed for the Back-End management position in October 2018. Evans informed Mrs. Rodriquez that she did not get the position because "he didn't know her." Mrs. Rodriquez spoke with Human Resources regarding the same.

23. The person hired for the Back-End management position held it from October 2018 through January 2019.

24. Mrs. Rodriquez had prior management experience.

25. Defendant's application process occurs online and does not allow applications to be submitted when the internal applicant is illegible.

26. On October 9, 2018, Mrs. Rodriquez was disciplined with an initial warning. Mrs. Rodriquez commented that the discipline and treatment was not fair. Yet, she acknowledged receipt of the initial warning.

27. Mrs. Rodriquez was told by management to apply for the upcoming positions in both December 2018 and January 2019.

28. Mrs. Rodriquez's direct supervisor, Freida P. ("Freida") had one-on-one meetings with Evans regarding Mrs. Rodriquez and her aptitude for the upcoming positions.

29. During December 2018 and January 2019, at least three (3) management positions became available.

30. In December 2018, Mrs. Rodriquez successfully applied for another higher-paying "management" position that was posted on December 12, 2018. Evans selected the candidates to interview. As a result, Mrs. Rodriquez did not receive a single interview. Evans had virtually unfettered discretion in hiring for the management positions.

31. Mrs. Rodriquez applied for a Department Supervisor position on January 7, 2019. Mrs. Rodriquez was not selected for the position.

32. Evans rehired Chad L. ("Chad") to a management position.

33. Chad has quit and subsequently been rehired four (4) times by Defendant. The last time Chad quit, he yelled expletives at everyone and vowed not to return to "this hell hole."

34. Mrs. Rodriquez believed that Evan's different treatment and objection to her obtaining a management position was due to her interracial marriage. Therefore, Mrs. Rodriquez's reported to the Associates Relations Department of Lowes on January 19, 2019 (Lowe's Case #HRC 0922103).

35. Upon information and belief, Evans was made aware of the January 19, 2019 complaint reported by Rodriquez.

36. Mrs. Rodriquez was disciplined on March 18, 2019 for a scheduling miscommunication. Mrs. Rodriquez requested that the discipline be removed from her file.

37. On September 11, 2019, Mrs. Rodriquez reported additional complaints to the Associates Relations Department of Lowes. Mrs. Rodriquez complained about Evans differential treatment of employees. (Lowe's Case #HRC 0930416).

38. On September 16, 2019, Mrs. Rodriquez was contacted by Erin Thrower ("Thrower") of the Associates Relations Department.

39. Thrower and/or others in the Associates Relations Department, contacted all of the store employees—who racially identify as Black or African American.

40. Upon information and belief, store employees reported feeling Evans was racist against black people, and kept his distance from the black or African-American employees.

41. On September 20, 2019, Mrs. Rodriquez's direct supervisor, Julia M. ("Julia), requested that she meet in the office at the end of her shift.

42. Mrs. Rodriquez meet with Julia, as requested. At the requested meeting, Julia, Robert Jones, and Isaiah Snyder were present.

43. Jones informed Mrs. Rodriquez that she was being discharged due to the attendance policy.

44. Defendant's, July 1, 2019 policy was in effect as of July 1, 2019.

45. Defendant's July 1, 2019 policy was the policy in effect at Mrs. Rodriquez's discharge.

46. Defendant's July 1, 2019 policy, states: *Associates should be confronted with excessive absences and tardies, counseled and warned that excessive occurrences will result in disciplinary action up to and including termination*.

47. Mrs. Rodriquez properly notified Defendant and used available accrued leave for all absences incurring except for two on April 5, 2019 and May 17, 2019.

48. Mrs. Rodriquez was never counseled or warned about excessive occurrences after 2016. Yet, Defendant's practice was one of repeated counseling regarding excessive occurrences.

49. Mrs. Rodriquez had not been disciplined since March of 2019 prior to her termination.

50. Defendant repeatedly formally counseled two employees, Kent U. and Ernie M., regarding excessive occurrences. Kent U. and Ernie M., both remained employed with Defendant after repeated counseling regarding excessive occurrences.

51. In addition, Laurence N. was counseled, the day prior to Mrs. Rodriquez's termination. Laurence N. also received repeated counseling regarding excessive occurrences.

52. Defendant asserts that Mrs. Rodriquez was discipline for alleged scheduling errors warranted discharge.

53. Yet, Defendant continued to employ a white female employee, Gabrella R., after she cursed Evans and another in management to their faces, and walked off the job. Gabrella R.is white, non-racially associated with a black spouse.

54. Defendant continued to employ a white male employee, Robert M., after repeated violations of safety requirements. Violations that placed both employees and customers in danger. Robert M.is white, non-racially associated with a black spouse.

55. Evans differential treatment of Mrs. Rodriquez compared to white, non-racially associated employees, give rise to an inference that Mrs. Rodriquez discharge took place as a result of Defendants' intent to discriminate against Mrs. Rodriquez based on race.

56. Defendant's actions were without just and reasonable cause and constitute unlawful discriminatory practice relating to employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*., as amended.

## V. CAUSES OF ACTION

### COUNT I: RACE

57. Paragraphs one (1) and fifty-six (56) are incorporated by reference as if fully set out here in its entirety.

58. Defendant discriminated against Plaintiff on the basis of race.

59. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*., as amended.

60. Defendant's actions were willful, intentional, and done with reckless disregard for Plaintiff's legally protected rights.

61. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: RETALIATION

62. Paragraphs one (1) and sixty-one (61) are incorporated by reference as if fully set out here in its entirety.

63. Plaintiff engaged in protected activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*., as amended.

64. Defendant discharged Plaintiff's because she engaged in protected activity.

65. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the law. Plaintiff suffered damages as a result of Defendant's unlawful actions.

## V. REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Christina D. Rodriquez., respectfully requests that this Court enter judgment in his favor and award her the following relief:

1) An award of Plaintiff's actual damages, in an amount to be determined at trial, for all lost wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions, including an award of front pay compensating for future salary and benefits;

2) An award of punitive damages for the Defendant violation of Title VII, in an amount to be determined at trial;

3) An award of all costs and attorney's fees incurred as a result of bringing this action;

4) Pre- and Post-Judgement interest on all sums recoverable; and

5) All other legal and/or equitable relief this Court sees deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Christina D. Rodriquez., by counsel, request a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Kenyatta P. Cox
Kenyatta P. Cox
Cox Law Firm, LLC
814 East Main Street
Richmond, IN 47374
Office: (765) 373-9360
Fax:    (765) 405-7065
Email: kcox@worksupra.com